IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION

| | | |
|---|---|---|
| LET'S GEL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 1:14-cv-959 |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| LOUIS VUITTON NORTH AMERICA, and | § | |
| LOUIS VUITTON MALLETIER, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## COMPLAINT

Plaintiff, Let's Gel, Inc. ("LGI") brings this action seeking declaratory judgment and other relief against defendants Louis Vuitton North America and Louis Vuitton Malletier as follows:

## NATURE OF THE ACTION AND BACKGROUND

1. This action seeks injunctive and declaratory relief to allow entry into the United States bulk fabric detained by United States Customs and Border Protection ("CBP") and to prevent Defendants from wrongfully alleging that the bulk fabric infringes Defendants' federal trademark registration.

2. Through this action, LGI seeks to show that the fabric detained by CBP and the gel-filled comfort mats manufactured by LGI do not infringe or dilute the Louis Vuitton's narrowly-scoped trademark registration that covers the use of a wood-grain pattern on purses, luggage, and similar goods.

24022099.1

3. The trademark registration-at-issue is U.S. Trademark Registration 2,263,903 (Exhibit A, Trademark Registration Summary), which covers "an illustration drawing without any words(s)[sic]/letter(s)/numbers(s)" that resembles a wood-grain pattern:



(Exhibit B, Office Action Response and Amendment). The mark's description is:

> The mark consists of a distinctive man-made textured pattern utilized as a surface feature of applicant's variously configured products. The pattern is displayed in contrasting shades of the same color, the darker shade presented on the elevated portion of the surface and the lighter shade serving as the background or lower surface. The lining shown is a feature of the mark and does not indicate specific color. No claim is made to the broken lines which reflect the positioning of the mark. The drawing shown in the application depicts a change purse.

(Exhibit A, Trademark Registration Summary). The covered goods and services are:

> suitcases, travelling bags, handbags, luggage, cosmetic cases sold empty, vanity cases sold empty, toiletry cases sold empty, shoulder bags, tote bags, leather shopping bags, briefcases, attache cases, briefcase-type portfolios, purses, change purses, wallets, key cases, document cases, business card cases and billfolds.

(*Id.* (subsequently deleted goods and/or services omitted)).

**PARTIES**

4.      LGI is a Texas corporation having a principal place of business at 13809 Research Boulevard, Suite 1000, Austin, TX 78750.  Let's Gel manufactures and sells various products including GelPro®-brand gel-filled comfort mats that provide energy and comfort to individuals who must standing for extended periods of time.  A typical use of a Gel-Pro® mat is shown below with a person standing on a mat while working rather than standing directly on a hard flooring surface:



5.      LGI manufactures its comfort mats in Austin, Texas using imported fabrics.  One order of fabric was recently detained by the CBP under detention receipt number 1210869.  (Exhibit C, Detention Receipt and Letter).  The reason provided for the detention was "possible intellectual property rights (IPR) violation including but not limited to Louis Vuitton TMK-10-00847."

6.      Louis Vuitton Malletier ("LVM") is a *societe anonyme* organized and existing under the laws of France.  LVM owns the registration-at-issue.

3

24022099.1

7. LVM has designated Julia Anne Matheson, an attorney with an office at 901 New York Avenue, N.W., Washington, District of Columbia 20001 as a domestic agent for service of process with respect to the registration-at-issue pursuant to 15 U.S.C. § 1058(f).

8. Louis Vuitton North America, Inc. ("LVNA") is a Delaware corporation headquartered at 1 East 57th Street, 10th Floor, New York, New York 10022. LVNA has a registered agent of Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808. Louis Vuitton North America, Inc. conducts business in this district including at the Austin Domain shopping center at 11600 Century Oaks Terrace Suite 104, Space A-10, Austin, TX 78758.

9. LVNA—acting as representative and agent for LVM—recorded the registration-at-issue with the CBP under Customs Recordation Number TMK 10-00847. (Exhibit D, Customs Recordation Record).

## JURISDICTION AND VENUE

10. The Western District of Texas has subject matter jurisdiction over this action as it involves a declaration regarding trademark rights arising under federal law, namely 15 U.S.C. §§ 1051 *et seq.*

11. This action seeks a declaratory judgment and other relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202. It presents an actual case or controversy under Article III of the United States Constitution and serves the essential purpose of clarifying and settling the legal rights at issue. Specifically, this action in part seeks a declaration that the detained fabric and the comfort mats that incorporate that fabric do not infringe or dilute the registration-at-issue and should not be detained by CBP. This Court has supplemental jurisdiction for the tortious interference claim brought under Texas law.

12. This Court has personal jurisdiction over defendant LVMC at least because LVMC has recently filed suit in this district asserting infringement of the same trademark registration-at-issue. *See Louis Vuitton Malletier v. Eisenhauer Road Flea Market, Inc.*, Case No. 5:11-cv-124 (W.D. Tex. filed Feb. 11, 2011). LVMC has also filed suit in the Southern District of Texas alleging infringement of the registration-at-issue in this action. *See Louis Vuitton Malletier v. Various John Does*, Case No. 1:07-cv-273 (S.D. Tex. filed Jan. 15, 2010). Moreover, LVMC sells products within the scope of the registration-at-issue through Louis Vuitton-branded stores located in this district in Austin and San Antonio.

13. This Court has personal jurisdiction over defendant LVNA at least because LVNA sells products within the scope of the registration-at-issue through Louis Vuitton-branded stores located in this district in Austin and San Antonio. LVNA is also an agent of enforcement of the registration-at-issue in this action.

**VENUE**

14. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(3) because defendants are subject to personal jurisdiction in this district.

**GENERAL ALLEGATIONS**

15. LGI has been purchasing the accused fabric design for several years from a supplier in Japan and sells comfort mats covered in that fabric under the "willow" pattern name. A GelPro® Classic comfort mat in the willow pattern is shown below:



LGI also sells placemats with the willow pattern on one side and a basket-weave pattern on the reverse side.

16.     On information and belief, the same Japanese supplier has supplied the accused willow-pattern fabric to other customers in the United States for at least ten years for a variety of applications including coverings for headboards in hotel rooms.

17.     LGI mats with the willow fabric are available to consumers from retail outlets in the United States for prices starting at around $100 and placemats in the same fabric are available from retailers for less than $15.

18.     LGI does not sell any other products with the willow-pattern fabric.

19.     Floor mats and placemats are not within the scope of goods and services covered by the registration-at-issue.

20.     On information and belief, Louis Vuitton products are ultra-luxury products retailing for hundreds to thousands of dollars for a single item at Louis Vuitton-branded stores and in fine retail stores such as Saks Fifth Avenue.

21.     No one has ever expressed confusion to LGI as to whether mats in the willow pattern were authorized by or connected with Louis Vuitton.

6

22. On information and belief, no one has ever expressed confusion to defendants as to whether LGI mats in the willow pattern were authorized by or connected with Louis Vuitton.

## COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

23. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 23 of this Complaint, as set forth above.

24. On information and belief, LVM is the owner of U.S. Trademark Registration No. 2,263,903 (Exhibit E).

25. On information and belief, LVNA has recorded U.S. Trademark Registration No. 2,263,903 with CBP as Customs Recordation Number TMK 10-00847.  (Exhibit D, Customs Recordation Record).

26. Plaintiff has not infringed upon any of the alleged trademark rights of Defendant(s) and/or Defendant(s) do not possess such trademark rights.

27. LVM and/or LVNA have refused to consent to the importation and delivery of a shipment of the willow-pattern fabric identified as entry number V2167208991.  (*See* Exhibit D, CBP Letter and Detention Notice).  LVM and/or LVNA have further refused to acknowledge that the willow-pattern fabric does not infringe LVM's alleged trademark rights.  As a direct result of LVM and LVNA's acts and refusal to act, CBP continues to detain the shipment of fabric purchased by LGI.

28. Further, counsel for LVM orally alleged that the bulk willow-pattern fabric directly infringes the registration-at-issue as do the comfort mats and placemats sold by LGI.

29. The shipment of the willow-pattern fabric detained by CBP is needed to fulfill contractual commitments with a major national retail chain.  The current delay of the shipment has prevented LGI from participating in a pre-holiday promotion of GelPro® comfort mats at

7

that retail chain because LGI was unable to fulfill orders for each fabric pattern in the promotion in time for major gift-giving holidays including Christmas. Continued delay of the shipment may prevent LGI from participating in similar promotions in the future.

30. Because LGI has not infringed the registration-at-issue, and/or because LVM has no rights in that trademark, an actual case or controversy exists between LGI and defendants while LGI's lawful, non-infringing fabric remains detained by CBP under the auspices of infringement of LVM's trademark registration.

31. LGI respectfully requests a declaration of non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 that may be presented to CBP to end the detention of the above-identified shipment of willow-pattern fabric. Alternatively or additionally, LGI respectfully requests other relief to achieve release of the detained fabric under 28 U.S.C. § 2202.

## COUNT II – DECLARATORY JUDGMENT OF NO-DILUTION

32. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 32 of this Complaint, as set forth above.

33. Counsel for LVM orally alleged that even if the bulk willow-pattern fabric and LGI mats incorporating that fabric do not directly infringe the registration-at-issue, each dilutes LVM's allegedly famous mark.

34. The wood-grain pattern of the registration-at-issue cannot support a claim of dilution and the fabric and finished products are not properly the subject of a dilution claim for the mark in any event.

35. For example, the wood-grain pattern of the registration-at-issue is not famous as required for a dilution claim.

36. The wood-grain pattern is a naturally occurring design observable in many forms of wood products including hardwood floors. The same pattern is also created any time a painter uses a flat brush loaded with paint on a long board. The overlapping brush strokes form regular, but slightly non-uniform lines identical to those in the pattern illustrated in the registration-at-issue. The naturally-occurring pattern cannot, therefore, provide any inherent distinctiveness for the registration. Nor has the pattern acquired distinctiveness or fame.

37. In another example of why a defendants cannot prove dilution, LGI did not intend to create an association with the mark of the registration-at-issue. Prior to CBP's detention of the willow-pattern fabric, LGI was unaware of the registration-at-issue or Louis Vuitton's products in the same pattern.

38. In yet another example, LGI is unaware of any actual association of the registration-at-issue with LGI products in the mind of a consumer or other market participant.

39. LGI respectfully requests a declaration of no dilution under the Declaratory Judgment Act, 28 U.S.C. § 2201 that may be presented to CBP to end the detention of the above-identified shipment of willow-pattern fabric. Alternatively or additionally, LGI respectfully requests other relief to achieve release of the detained fabric under 28 U.S.C. § 2202.

## COUNT III – TORTIOUS INTERFERENCE

40. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 40 of this Complaint, as set forth above.

41. Plaintiff has an agreement with a major national retail chain to promote Plaintiff's products during the upcoming holiday shopping season.

42. Counsel for Plaintiff informed counsel for Defendant(s) of this contract and the need to release the detained fabric in order to fulfill Plaintiff's commitments under that agreement.

43. Defendant LVNA—acting as an agent for LVM—recorded the registration-at-issue for the purpose of blocking importation of products that fall within the scope of rights set forth in the registration-at-issue.

44. Defendant LVM willfully and intentionally refuses to consent to importation of Plaintiff's detained fabric even though it has no objectively reasonable basis for alleging infringement of the mark described in the registration-at-issue. Defendant LVM is therefore willfully and intentionally interfering with Plaintiff's contract with the national retailer.

45. Defendants combined interference has damaged Plaintiff's goodwill with the national retailer and has already and will continue to cause significant financial damage to Plaintiff by preventing Plaintiff from fulfilling its obligations under the contract.

46. Defendants are the proximate cause of Plaintiff's injury because they took the affirmative act of recording the registration-at-issue and are refusing to authorize release and delivery of non-infringing fabric to Plaintiff.

47. LGI respectfully requests an award of damages to compensate for actual damages incurred by Defendants' wrongful conduct in addition to an award of exemplary damages to deter future wrongful conduct.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff LGI asks this Court to enter judgment against Defendants Louis Vuitton Malletier and Louis Vuitton North America, jointly and severally, and against

Defendants' subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with one or both of the Defendants, granting the following relief:

    A.    An award of damages adequate to compensate Plaintiff LGI for damages incurred as a result of Defendants' acts and acquiescence;

    B.    A finding that this case is exceptional and an award to Plaintiff LGI its attorneys' fees and costs as provided by 17 U.S.C. § 1117(a);

    C.    An award of exemplary damages sufficient to deter future wrongful acts and acquiescence by Defendants;

    D.    A preliminary and permanent injunction prohibiting further detention of LGI products and prohibiting further accusations of infringement and/or dilution of the registration-in-suit; and

    E.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

Plaintiff LGI demands a trial by jury on all issues presented in this Complaint.

Dated: October 22, 2014.	Respectfully submitted,

*/s/ R. William Beard Jr.*
R. William Beard, Jr.  (SBN 00793318)
**LEAD COUNSEL**
wbeard@kslaw.com
Truman H. Fenton (SBN 24059742)
tfenton@kslaw.com
KING & SPALDING L.L.P.
401 Congress Avenue, Suite 3200
Austin, Texas 78701
Tel: 512.457.2000
Fax: 512.457.2100

**ATTORNEYS FOR PLAINTIFF
LET'S GEL, INC.**